{¶ 19} I respectfully dissent. The facts of this case are not in dispute. The law cited by the majority is correct; but I disagree about how that law applies to these facts. Mrs. Sauter had been swimming in the community pool at her apartment building. She went into an adjacent kitchenette. When she stepped into the kitchenette, she slipped and was injured. She admitted that she did not know what had caused her fall. She further admitted that she did not see any foreign substance on the floor, and there was no claim that there was any.
 {¶ 20} A landlord's duty is to exercise reasonable care and to warn of latent defects of which it is aware or has superior knowledge. In this case, One Lytle Place had no such knowledge of any dangerous condition in the kitchenette. No one ever slipped on the floor before or after Mrs. Sauter's fall, and One Lytle Place had no knowledge of any foreign substance on the floor, as all agree that there was none. The only time that the floor would have been slippery was just after it was mopped, and the undisputed testimony was that, after mopping, a sign was always posted to warn of recent mopping, but that no mopping had been done near the time of the fall. A sign was appropriate after mopping because One Lytle Place itself had made the floor wet, not the tenants.
 {¶ 21} The majority cites the law correctly in stating that an owner is not an insurer of the premises, but they then effectively make One Lytle Place an insurer in this case. One Lytle Place did nothing wrong. The floor was made from normal material for a kitchen floor, and it was not, as the majority characterizes it, "unusually slippery" before Mrs. Sauter walked in. The floor was not wet when Mrs. Sauter came in, and there was not any substance on the floor that would have caused a fall. One Lytle Place was not on any notice that a dangerous condition existed.
 {¶ 22} The majority finds a triable issue on a duty to warn under these circumstances. The duty agruably arose because of "the unusual slipperiness of the floor." But there was no evidence of this. Mrs. Sauter, not One Lytle Place, created any slipperiness.
 {¶ 23} In its summation, the majority again says first that the floor was unusually slippery. But the floor was dry, substance-free and not slippery when Mrs. Sauter came in. Following the logic of the majority, every business, apartment building, or public building would be required to post a warning in the event it rained; presumably this warning would tell visitors that they might have water on their shoes and that an otherwise normal floor might become more slippery if visitors tracked water in on their shoes. This would be an intolerable burden on businesses and others, when it otherwise can be presumed that people are smart enough to figure this out on their own. Certainly Mrs. Sauter could have done so in this case. If one would walk into a room with water, wax, or grease on her shoes and slip, she would have a cause of action according to this opinion if she was not first warned by the owner of the premises that she might slip.
 {¶ 24} The second summation point of the majority is that One Lytle Place had knowledge of the slipperiness superior to any tenant. As mentioned, the floor was not slippery before Mrs. Sauter came in, and no one had slipped before, so how could One Lytle Place have had any knowledge of a problem? If the knowledge referred to is that one with water on her shoes might slip on a floor, any tenant's knowledge of that fact would be equal to an owner; it is just common sense. From these two flawed premises, the majority draws the conclusion that there is a triable issue concerning a duty to warn whenever someone comes into a room with water on her shoes and slips. We should affirm the good judgment of the trial court.